```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
  TIGRAN OHANIAN, et al.,                                    :
                                      Plaintiffs,            :
                                                             :      20 Civ. 5162 (LGS)
                  -against-                                  :
                                                             :             ORDER
  APPLE INC., et al.,                                        :
                                      Defendants.            :
                                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants Apple Inc. and T-Mobile USA, Inc. ("T-Mobile"), filed renewed motions to compel arbitration on July 15, 2021, following the close of discovery on the arbitrability of the dispute between Plaintiff Ohanian and Defendants (Dkt. No. 79 & 81);

WHEREAS, Ohanian filed memoranda of law in opposition to Defendants' motions to compel arbitration on August 6, 2021 (Dkt. No. 85);

WHEREAS, Defendants filed reply memoranda of law in support of their motions to compel on August 13, 2021 (Dkt. Nos. 88 & 89);

WHEREAS, in the context of motions to compel arbitration, courts apply a standard similar to that applicable to a motion for summary judgment, and if there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary. *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citing 9 U.S.C. § 4); *accord Perry St. Software, Inc. v. Jedi Techs., Inc.*, No. 20 Civ. 4539, 2020 WL 7360470, at *3 (S.D.N.Y. Dec. 15, 2020);

WHEREAS, there is a triable issue of fact as to whether Ohanian received the Prepaid Confirmation Form ("Form") containing notice of T-Mobile's Terms and Conditions and the arbitration clause therein. T-Mobile argues that Ohanian received the form because its corporate policies and procedures require T-Mobile employees to give the Form to customers. Ohanian

testified at his deposition that he did not receive the form. This conflicting evidence gives rise to a triable issue of fact. *See Hirsch v. Citibank, N.A.*, 542 Fed. App'x 35, 37-38 (2d Cir. 2013) (summary order) (vacating district court's denial of a motion to compel where the district court did not conduct a trial to determine whether plaintiff received the arbitration agreement at issue); *cf. Martin v. Citibank, N.A.*, 883 N.Y.S.2d 483, 484-85 (1st Dep't 2009) (holding that summary judgment was not appropriate where factual issue existed as to whether plaintiff received all of the pages of the agreement at issue). It is hereby

**ORDERED** that the parties shall be ready to proceed to trial commencing on **October 13, 2021, at 2:00 p.m.** The parties shall submit a joint final pretrial order in accordance with the Court's Individual Rules by **October 5, 2021**. The parties shall confer and submit a joint, if possible, letter by **September 1, 2021,** setting forth their proposal for a remote or in-person trial.

Dated: August 30, 2021
       New York, New York

                                LORNA G. SCHOFIELD
                                UNITED STATES DISTRICT JUDGE