```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
TIGRAN OHANIAN, et al.,                                       :
                                                              :
                                  Plaintiffs,                 :   20 Civ. 5162 (LGS)
                                                              :
                 -against-                                    :   FINDINGS OF FACT AND
                                                              :   CONCLUSIONS OF LAW
APPLE INC., et al.,                                           :
                                                              :
                                  Defendants.                 :
-------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 15, 2021, Defendants T-Mobile USA, Inc., and Apple Inc. each filed a renewed motion to compel arbitration of Plaintiff Ohanian's claims following limited discovery on the issue of arbitrability (Dkt. Nos. 79 & 81);

WHEREAS, following briefing on the motions, on August 30, 2021, the Court found that "there is a triable issue of fact as to whether Ohanian received the Prepaid Confirmation Form ('Form') containing notice of T-Mobile's Terms and Conditions and the arbitration clause therein" (Dkt. No. 90);

WHEREAS an evidentiary hearing was held on October 13, 2021, to determine whether a valid agreement to arbitrate between Defendant T-Mobile and Plaintiff Ohanian exists.  The Court heard testimony from Brian Anderson, on behalf of T-Mobile, and from Ohanian on behalf of himself.  The parties offered, and the Court considered, five exhibits:  (1) the receipt Ohanian received when he activated his T-Mobile service on April 19, 2016, (2) the Form, which contains the arbitration provision and which was generated in T-Mobile's OpenText system in the course of Ohanian's transaction, (3) a different version of the prepaid confirmation form that T-Mobile previously claimed to have provided Ohanian, (4) a screenshot of metadata from the OpenText system and (5) a post in Russian made by Ohanian on Telegram.

WHEREAS, Under New York law,[1] the party seeking arbitration bears the burden of proving that a valid agreement to arbitrate exists by a preponderance of evidence. *See Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 46 (2d Cir. 1993) (applying New York law); *Solis v. ZEP LLC*, No. 19 Civ. 4230, 2020 WL 1439744, at *4 (S.D.N.Y. Mar. 24, 2020). To be binding, a contract requires a "meeting of the minds" and "a manifestation of mutual assent." *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288-89 (2d Cir. 2019) (quoting *Express Indus. & Terminal Corp. v. N.Y. Dep't of Transp.*, 715 N.E.2d 1050 (N.Y. 1999)). "The manifestation of mutual assent must be sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Id.* at 289 (citing *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher*, 417 N.E.2d 541 (N.Y. 1981)). To determine whether there was an objective meeting of the minds, courts look to the elements of offer and acceptance. *See id.* (citing *Express Indus. & Terminal Corp.*, 715 N.E.2d at 1053). "Where an offeree does not have *actual* notice of certain contract terms, he is nevertheless bound by such terms if he is on *inquiry* notice of them and assents to them through conduct that a reasonable person would understand to constitute assent." *Id.*

WHEREAS, upon consideration of the evidence, including the credibility of the witnesses, and the parties' prior submissions, the Court finds that T-Mobile has not shown by a preponderance of the evidence that it provided Ohanian the prepaid confirmation form, which contains the arbitration agreement. This finding was further explained on the record at the October 13, 2021, hearing. Accordingly, T-Mobile did not meet its burden of proving an enforceable agreement between Ohanian and T-Mobile. It is hereby

**ORDERED** that the motions to compel arbitration brought by T-Mobile and Apple Inc.

---

[1] The parties' memoranda of law assume that New York substantive law governs the relationship between Ohanian and T-Mobile, which is sufficient to establish the applicable choice of law, *see Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009); *PetEdge, Inc. v. Garg*, 234 F. Supp. 3d 477, 486 (S.D.N.Y. 2017).

are denied.  It is further

**ORDERED** that by **October 22, 2021**, the parties shall confer and submit a proposed Case Management Plan and Scheduling Order for the remainder of discovery as to both of Plaintiffs' claims and shall submit a joint letter providing (1) a proposed briefing schedule for any motion to dismiss Ohanian's claims, (2) a statement describing the status of any settlement discussions and whether the parties would like a settlement conference with Magistrate Judge Cave, a court appointed mediator, or a private mediator retained by the parties and (3) any other information that the parties believe may assist the Court in this action.  The parties shall mail or hand deliver to the Court a CD containing the five exhibits offered during the evidentiary hearing and the translation of Ohanian's Telegram post.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 79 and 81.

Dated: October 14, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE