# OVED & OVED LLP

Application GRANTED IN PART, DENIED IN PART.  Plaintiffs' motion is denied as to the additional allegations for Plaintiff Lopez's claims against Apple because some of Lopez's claims survived Apple's motion to dismiss and Lopez does not intend to add new claims.  The motion is granted as to Lopez's conforming to the Opinion and Order on Apple's motion to dismiss and as to Plaintiff Ohanian's changes.  Plaintiffs shall file an amended complaint consistent with this Order by **January 19, 2022**.  The pending motions to dismiss and related motion to take judicial notice are **denied as moot**.  By **January 21, 2022**, if Defendant T-Mobile seeks to file a renewed motion to dismiss, Defendant T-Mobile and Plaintiff Ohanian shall file a joint letter proposing an expedited briefing schedule.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 110, 112,  114 and 121.

Dated:  January 18, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:     *Ohanian, et. al. v. Apple Inc., et al.*
        Case No. 1:20-cv-05162 (LGS)

Dear Judge Schofield:

This law firm represents Plaintiffs Tigran Ohanian ("Ohanian") and Regge Lopez ("Lopez") in the above-referenced action.  Pursuant to Rule III.A of the Court's Individual Rules and Procedures, we respectfully submit this letter motion requesting a pre-motion conference concerning Plaintiffs' anticipated motion seeking leave to amend Plaintiffs' complaint (the "Complaint").

This is Plaintiffs' first request to amend the Complaint.  Plaintiffs attempted to secure consent from Defendants Apple Inc. ("Apple") and T-Mobile USA, Inc. ("T-Mobile") concerning the proposed amendments, which do not add any new claims or parties.[1]  T-Mobile does not consent to the proposed amendments whereas Apple has given consent to some, but not all, of the proposed amendments.

## Procedural Background

As the Court is aware, this is a putative class action brought to redress deceptive acts and practices and material omissions by (i) Apple regarding the data privacy and security of its mobile devices, namely the iPhone and the iMessage and FaceTime features of the iPhone; and (ii) T-Mobile relating to its subscriber identification modules ("SIM cards"), by which it provides telecommunications services to consumers through the iPhone.  Specifically, the Complaint alleges that Apple and T-Mobile's failures to disclose to their respective consumers the need to manually disassociate users' Apple IDs from telephone numbers associated with discarded and/or expired SIM cards wrongfully exposes consumers to receiving private calls, texts, photographs, and videos though iMessage and FaceTime, and the unknown misdirection of such calls, texts, photographs, and videos to unintended recipients.

Ohanian and Lopez both originally asserted claims against Apple and T-Mobile for violations of New York General Business Laws ("NY GBL") 349 and 350, fraudulent inducement, and unjust enrichment.  Apple and T-Mobile moved to compel arbitration with both Ohanian and Lopez shortly after this action was filed.  Dkt. 30-32, 33-34.

---

[1] The parties alerted the Court to a potential amendment to the Complaint in the December 21, 2021 joint status letter.

THE OVED BUILDING
401 GREENWICH STREET
NEW YORK, NY 10013

T 212 226 2376
F 212 226 7555
OVEDLAW.COM

Hon. Lorna G. Schofield
January 14, 2022
Page 2 of 3

On October 23, 2020, Lopez voluntarily dismissed his claims against T-Mobile, mooting T-Mobile's motion to compel arbitration with him.  Dkt. 44.  On March 9, 2021, following briefing, the Court issued an order (i) denying Apple's motion to compel arbitration with Lopez; and (ii) reserving ruling on Apple and T-Mobile's motions to compel arbitration with Ohanian.  Dkt. 52.

Thereafter, following limited discovery, a trial was held to resolve Apple and T-Mobile's motions to compel arbitration with Ohanian.  In the interim, the parties briefed Apple's motion to dismiss Lopez's claims.  On October 24, 2021, the Court denied Apple and T-Mobile motions to compel arbitration with Ohanian. Dkt. 97.  On November 16, 2021, the Court issued an opinion and order on Apple's motion to dismiss Lopez's claims, sustaining Lopez's claims against Apple for alleged violations of NY GBL 349 and 350.

## Apple and T-Mobile's Motions to Dismiss

On November 1, 2021, the Court entered a Second Amended Civil Case Management Plan and Scheduling Order that, *inter alia*, included a briefing schedule on anticipated motions to dismiss Ohanian's claims to be filed by Apple (the "Apple Motion") and T-Mobile (the "T-Mobile Motion").  Dkt. 103.  Both Apple and T-Mobile filed their moving papers on December 1, 2021.  Dkt. 110-111, 112-115.

### A.    The T-Mobile Motion

In the T-Mobile Motion, T-Mobile argues, *inter alia*, that Ohanian's NY GBL 349 and 350 claims and fraudulent inducement claim should be dismissed because the Complaint does not adequately allege that T-Mobile had knowledge of the alleged defect in the iPhone's iOS software that allowed iMessage correspondence sent by iPhone users and FaceTime calls made by iPhone users to be improperly directed to and accessed by third parties without the users' knowledge or authorization (the "Security Flaw").  T-Mobile also argues that Ohanian's NY GBL 349 and 350 claims are time-barred.

In response, Ohanian seeks to amend the Complaint to address T-Mobile's contentions and amplify the factual allegations supporting those claims.  A copy of the proposed amended complaint in redline is attached hereto as **Exhibit A**.[2]  T-Mobile does not consent to the proposed amendment.

### B.    The Apple Motion

Based on arguments raised in the Apple Motion, Ohanian intends to voluntarily discontinue his individual claims against Apple pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Apple consents to the foregoing, which will moot the Apple Motion.  Ohanian's voluntary dismissal of his claims against Apple has no impact on Lopez's pending claims against Apple for violations of NY GBL 349 and 350 which, as discussed, already withstood a motion to dismiss.

In addition to amplifying the Complaint's factual allegations to address contentions in the T-Mobile Motion, the proposed amendments to the Complaint also amplify Lopez's factual allegations

---

[2] The proposed amended complaint also conforms to the Court's Order on Apple's motion to dismiss Lopez's claims by removing Lopez's previously-asserted claims for fraud and unjust enrichment against Apple.  *See* Ex. A.

Hon. Lorna G. Schofield
January 14, 2022
Page 3 of 3

concerning his NY GBL 349 and 350 claims against Apple.  Apple has not yet responded to Plaintiffs'
request for consent to those amendments.

## The Court Should Grant Plaintiffs Leave to Amend the Complaint

Under Fed. R. Civ. P. 15, which governs amendments to pleadings, a party may amend his
pleading by leave of court or by written consent of the adverse party, and leave should be freely given
when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2).  Where a plaintiff seeks to amend its complaint
while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as
moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading."
*See Trott v. Deutsche Bank, AG*, 2021 U.S. Dist. LEXIS 89754, at *3 (S.D.N.Y. May 11, 2021) (citing
*Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020)).  In such a scenario, the
preferred course of action is to grant the plaintiff leave to amend and to deny the pending motion to
dismiss as moot.  *Trott*, 2021 U.S. Dist. LEXIS 89754, at *3-4; *Cotto v. Fannie Mae*, 2021 U.S. Dist.
LEXIS 181091, at *11 (S.D.N.Y. Sept. 22, 2021) (same).  Here, the Court should grant Plaintiffs
leave to amend the Complaint because, *inter alia*, it will cure certain alleged pleading deficiencies
identified by T-Mobile, and there will be no prejudice to either T-Mobile or Apple.[3]

Further, allowing an amendment to the Complaint would promote the interests of judicial
economy since, as the Second Circuit and Your Honor have recognized, the usual practice upon
granting a motion to dismiss is to allow leave to replead.  *See Ronzani v. Sanofi S.A.*, 899 F.2d 195,
198 (2d Cir. 1990); *Hirsch v. 725 Assocs.*, 2014 U.S. Dist. LEXIS 112716, at *5 (S.D.N.Y. Aug. 13,
2014) (Schofield, J.) (same).  Indeed, it would be wasteful for the parties to fully brief the T-Mobile
Motion and, in the event that any of Ohanian's claims are dismissed, address potential amendments
to the Complaint thereafter, only to go through yet another round of briefing on a subsequent motion
to dismiss by T-Mobile.

Based on the foregoing, Plaintiffs also respectfully request that the Court stay the pending
briefing schedule on the T-Mobile Motion – under which Ohanian's opposition is due on January 21,
2022 and T-Mobile's reply is due on February 4, 2022 – until a determination is made concerning the
request to amend the Complaint.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Aaron J. Solomon

cc: All counsel (*via* ECF)

---

[3] An amendment is prejudicial if it would "require the opponent to expend significant additional resources to conduct
discovery and prepare for trial" or "significantly delay resolution of the dispute."  *See, e.g., Block v. First Blood Assocs.*,
988 F.2d 344, 350 (2d Cir. 1993).  Those concerns are not implicated here, because (i) Ohanian is not seeking to assert
any new causes of action against T-Mobile that will require additional discovery; and (ii) the only "delay" to date arose
from T-Mobile's filing of a motion to compel arbitration with Ohanian, which took over one (1) year to resolve due to
extended briefing, discovery, and a bench trial; and (iii) the proposed amendments as to Lopez's claims against Apple
merely amplify factual allegations concerning his NY GBL 349 and 350 claims – which withstood dismissal – and Apple
has not yet filed an answer to the pending Complaint.