

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number: 0027559-0442

February 18, 2022

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Hannah Y. Chanoine**
D: +1 212 326 2128
hchanoine@omm.com

RE:   <u>*Ohanian et al. v. Apple*</u>**, Case No. 1:20-cv-05162-LGS — Pre-Motion Letter**

Dear Judge Schofield:

     Pursuant to Rule III.C.3 and III.A.1 of the Court's Individual Rules and Procedures for Civil Practice, Defendant Apple Inc. ("Apple") submits this pre-motion letter to compel Plaintiff Regge Lopez to provide further responses to its first set of Requests for Production and Interrogatories.  It has been almost a year since the Court opened discovery as to Lopez, yet he still refuses to provide Apple with even the most basic facts about his claims.  This is despite Apple's repeated requests for information, the imminent close of fact discovery, and Lopez's impending deposition.  **To date, Lopez has not produced a single document from his possession, custody, or control**.  And he has provided substantive responses to only a few interrogatories, refusing to answer the remainder because he asserts they are "impermissible" at this stage under SDNY Local Rule 33.3(a).  The result is that Apple still has no discovery as to which phone Lopez was using when he allegedly experienced misdirected messages; which Apple ID, if any, he was using during the relevant period; when he associated his Apple ID with his iPhone; documents supporting his iPhone 6 Plus purchase (including purchase price and date); or what phone he was using immediately before his alleged iPhone purchase.  Apple's repeated requests that Lopez supplement his responses have been ignored.  Plaintiff has now asked for another month to produce unspecified documents and has refused to respond to Apple's requests to supplement his interrogatory responses.  If Lopez wishes to prosecute his case against Apple, he must produce discovery.  Without any assurances of what Lopez will produce or when, and in light of the discovery cut-off of March 29, 2022, Apple has no choice but to bring this motion.

     **Background Facts**.  Apple served its first set of Requests for Production and Interrogatories on April 16, 2021.  Lopez served objections and responses on April 25, 2021.  Apple started the meet-and-confer process on June 8, 2021 by writing a letter to Lopez explaining that his responses were insufficient and inconsistent with his discovery obligations.  Despite assurances in July, August, and December that a "written response" was forthcoming, ultimately Lopez did not respond until January 28, 2022.  The parties then met and conferred by telephone on February 1, 2022, and Apple reiterated why the requested information—basic facts that should be in Lopez's possession—were necessary.  While Lopez's counsel stated that they would check with their client and respond to Apple by February 4, they did not respond on that date.  Apple reiterated its request for information on February 7 and February 9, 2022.  On February 14, 2022, Lopez proposed extending the deadline to produce documents to March 16,

2022, despite a prior deadline of January 21, 2022, and did not explain which (if any) documents he intended to produce and has not agreed to respond to any interrogatories.

**Requests for Production**.  Lopez agreed to produce documents responsive to many of Apple's requests, including documents relating to his purchase of any iPhone or iPad (RFP No. 1); communications between Lopez and any other person about the alleged security flaw (RFP Nos. 4, 6, 8); documents reflecting investigations of analyses into the alleged security flaw (RFP No. 7); documents reflecting any advertisements he saw before purchasing the iPhone at issue in the Amended Complaint ("AC") (RFP No. 10); and documents related to damages Lopez allegedly incurred (RFP No. 21).  But Lopez has not produced a single document from his possession, custody, or control responsive to these requests (or any other request).  During the meet and confer process, Lopez's counsel suggested that they did not collect any materials from Lopez himself, relying solely on Ohanian's production.  But Lopez has an obligation to produce documents in his possession, custody, or control, irrespective of whether some of those documents are also in Ohanian's possession.  And, critically, many of the documents Apple needs would not be in Ohanian's possession, including documents related to Lopez's alleged iPhone 6 Plus purchase.  Lopez should be compelled to fulfill his discovery obligations and produce responsive documents.

Lopez also objected to producing documents altogether in response to three requests that relate to his T-Mobile SIM card activation.  Specifically, Requests for Production Nos. 2 and 3 seek documents related to his activation of T-Mobile's wireless services and the registration of the affected phone number and the wireless service provider he used before T-Mobile.  Request for Production No. 5 seeks communications with T-Mobile regarding the SIM card allegedly installed in his iPhone 6 Plus.  Lopez objected to these requests as irrelevant—an objection belied by his allegations against Apple.  Lopez alleges that his iMessages and FaceTime calls were misdirected when T-Mobile issued him a SIM card with a recycled phone number for use in his iPhone 6 Plus.  *See* AC ¶ 71.  And he pleads that the alleged issue is inherent to T-Mobile's practice of recycling SIM cards, and presumably did not happen with his previous wireless carrier.  *See id.* ¶¶ 4, 40, 70, 72.  The facts and circumstances of his use of T-Mobile's wireless services with his iPhone, and any preceding wireless service provider he used, are indisputably relevant to his claims against Apple.

**First Set of Special Interrogatories**.  Lopez substantively responded to only a few of Apple's interrogatories.  Lopez objected to the remainder on the ground that each "exceeds the permissible scope of interrogatories under Local Rule 33.3(a)"— and nearly all "seek[ ] information that is not relevant and/or material to this action and/or not reasonably calculated to lead to the discovery of admissible evidence."  Lopez is wrong as to both standards.

*First*, Local Rule 33.3(a) does not limit the parties' discovery at *this stage* of the case.  By its very terms, Local Rule 33.3(a) applies at the "commencement of discovery."  But, here, the parties are only weeks from the *close* of fact discovery on March 29, 2022.  Moreover, L.R. 33.3(b) explicitly permits interrogatories beyond what is provided in Rule 33.3(a) "[d]uring discovery" if "they are a more practical method of obtaining the information sought than a request for production or a deposition."  Each of Apple's Interrogatories either falls within the scope of L.R. 33.3(a) or is a "more practical method of obtaining the information sought than a request for production or a deposition."

Lopez improperly objects to the following interrogatories solely based on Local Rule 33.3: **(i) Interrogatory Nos. 2 and 3**, which request that Lopez identify all documents and communications that he saw and or relied on in making a decision to purchase the iPhone, and all documents or communications by Apple that he claims are misleading; **(ii) Interrogatory No. 4**, which requests that Lopez state how much he would have paid for the iPhone absent alleged misrepresentations; **(iii) Interrogatory Nos. 7 and 8**, which requests that Lopez provide the dates when he first registered his Apple ID with his iPhone and when he began using the iPhone to send iMessages and make calls using FaceTime; and **(iv) Interrogatory No. 18**, which seeks information relating to the harm or injury Lopez alleges he has suffered and the damages he has incurred as a result of his claims, including how he calculated these damages. *See J.P. Morgan Sec. LLC v. Mariano*, 2018 WL 522339, at *3 (S.D.N.Y. Jan. 22, 2018) (compelling response to interrogatory seeking damages computations under Rule 33.3(a) and rejecting argument "that a further response was premature"); *Trilegiant v. Sitel Corp.*, 272 F.R.D. 360, 368 (S.D.N.Y. 2010) (computation of damages interrogatory "appropriate and timely under Local Civil Rule 33.3(a)"). Given that the parties are nearing the discovery period's end, and these questions are suitable for interrogatories, Lopez should be compelled to provide further responses.

*Second*, as to Apple's other interrogatories, Lopez contends they are impermissible under Local Rule 33.3(a) (which as explained above, should be rejected) *and* not "relevant and/or material to this action and/or not reasonably calculated to lead to the discovery of admissible evidence." Specifically, he contends that anything that relates to his T-Mobile account is not subject to discovery because Lopez dropped his claims against T-Mobile. But his entire complaint is premised on his use of T-Mobile's wireless service together with his iPhone 6 Plus—the details of his T-Mobile service are critical to assessing the alleged "security flaw." *See, e.g.*, AC ¶¶ 32–34, 40, 55-56, 63, 71. Because this information is relevant to his claims and proportional to the needs of the case, Fed. R. Civ. 26(b),—which is the correct standard here—he should be compelled to provide responses to the following: **(i) Interrogatories Nos. 5 and 6**, which request that Lopez identify information related to his T-Mobile account, (a) the date he opened it; (b) the name and address of the retail location where he did so; (c) the price he paid for T-Mobile account services; and (d) all persons with knowledge or information concerning his T-Mobile account; **(ii) Interrogatory No. 9,** which requests that Lopez identify the wireless cellular service provider associated with his iPhone 6 Plus before he switched to T-Mobile; and **(iii) Interrogatories Nos. 13, 14, and 15,** which request that Lopez describe all communications between Lopez and other relevant parties to this action—including other putative class members or T-Mobile—regarding the alleged "flaw" alleged in the complaint. Lopez must likewise provide information regarding when the alleged security flaw resolved for him (**Interrogatory No. 17**) and what other cell phones he owned between 2016 and 2017—when the allegedly misdirected messages occurred (**Interrogatory No. 19**). As this information is relevant to both Lopez's claims and Apple's defenses, Apple is entitled to it. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of non-privileged information "relevant to any party's claim or defense").

*Finally*, Lopez has not responded fully to **Interrogatory No. 1**, which seeks information about Lopez's alleged purchase of the iPhone 6 Plus, including the date of purchase, purchase price, and the serial number of the phone. Lopez responded that he "is attempting to ascertain the purchase price and [the] serial number" for his alleged iPhone 6 Plus, but, to date, he has not done so. Lopez should be compelled to provide that information immediately, particularly since Apple has already told Lopez that <u>**it has no record of an iPhone 6 Plus purchase by Lopez**</u> based on the scant details Lopez has provided thus far.

O'Melveny

Respectfully submitted,

*/s/ Hannah Y. Chanoine*
Hannah Y. Chanoine
O'MELVENY & MYERS LLP
*Attorneys for Defendant Apple Inc.*

---

The Court treats Apple Inc.'s pre-motion letter as a motion to compel.  The motion is GRANTED IN PART and DENIED IN PART.  The Court cannot countenance Plaintiff Lopez's disregard for discovery obligations in this case.  It is beyond the pale that Lopez would argue to this Court that his interactions with T-Mobile are not relevant to his claims against Apple.  The Complaint alleges that Lopez's interactions with T-Mobile set off the chain of events that led to his injury.  Accordingly, Apple's motion to compel as to document request nos. 2, 3 and 5 is GRANTED.  Lopez claims to have no documents in his possession, custody or control as to request nos. 1, 6, 7, 8 and 10.  To the extent Lopez locates documents as to request nos. 1, 6, 7, 8 and 10, and has any additional documents responsive to request nos. 4 and 21, Apple's motion to compel is GRANTED as to those requests.

Apple's interrogatory nos. 2 and 3 are not contention interrogatories, but instead are "information of a similar nature" contemplated in Local Civil Rule 33.3(a) because they seek the underlying description of documents containing the purported "false advertising" at the heart of Lopez's § 350 claim.  Interrogatory numbers 4 and 18 plainly relate to a computation of damages alleged in the Amended Complaint, which is also in the scope of Local Civil Rule 33.3(a).  The relevance of interrogatory nos. 9 and 19 is not clear from Apple's letter.  Interrogatory nos. 13, 14 and 15 relate to communications with Apple, T-Mobile and others about the security flaw, which is plainly relevant even if beyond the scope of 33.3(a).  As explained above, interrogatory nos. 5 and 6, which relate to Plaintiff's interactions with T-Mobile, are relevant.  Pursuant to Local Civil Rule 33.3(b) and in light of Lopez's statement that there are no such documents, Plaintiff shall respond to interrogatory numbers 5, 6, 13, 14 and 15.  Plaintiff shall respond to interrogatory no. 17 to the extent it requests the date of the resolution of the security flaw but not to the broader question of how the flaw was resolved.  Plaintiff does not raise any objections to interrogatory nos. 1, 7 and 8.  Accordingly, Apple's motion to compel as to interrogatories is GRANTED as to interrogatory nos. 1, 2, 3, 4, 5, 6, 7, 8, 13, 14, 15 and 18, GRANTED IN PART as to interrogatory no. 17 and DENIED without prejudice as to interrogatory nos. 9 and 19.

Plaintiffs' letter is accepted for filing even though it exceeds the three-page limit set in Individual Rule II.A.1, and Apple's motion for leave to file a reply at Dkt. No. 140 is GRANTED.

Plaintiffs' request for a discovery extension is denied because (1) Plaintiffs' letter does not identify any extraordinary circumstances and (2) the parties have been on notice since January 26, 2022, that no further extensions will be granted absent extraordinary circumstances.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 137 and 140.

Dated: February 25, 2022
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

4