UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
TIGRAN OHANIAN et al.,
                         Plaintiffs,

          -against-

APPLE INC., et al.,
                        Defendants.
------------------------------------------------------------- X

20 Civ. 5162 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Tigran Ohanian and Regge Lopez, individually and on behalf of all others similarly situated, bring this action against Defendants Apple Inc. and T-Mobile USA, Inc., alleging violations of New York General Business Law ("NY GBL") sections 349 and 350, fraudulent misrepresentation and unjust enrichment. T-Mobile moves to dismiss Plaintiff Ohanian's claims against T-Mobile in the Amended Complaint ("Complaint"). For the reasons stated below, the motion is granted.

I.     BACKGROUND

The following facts are taken from the Complaint and are assumed to be true only for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

T-Mobile is a Delaware corporation with its principal place of business in Washington. T-Mobile is a wireless mobile network operator that manufactures, advertises, distributes and sells SIM cards, among other things. T-Mobile sold SIM cards to consumers that were marketed and distributed specifically for use in Apple iPhones. Apple iPhones include iMessage and FaceTime features, which require the use of a SIM card. Once an iPhone is equipped with a

SIM card, iMessage and FaceTime associate with the iPhone user's phone number from the SIM card so that the user can send correspondence with iMessage and make calls with FaceTime.

A flaw existed with FaceTime and iMessage beginning in June 2010 and October 2011, respectively, that allowed iMessage correspondence and FaceTime calls to be accessed by third parties.  When an iPhone user ceased using a SIM card and the phone number associated with that SIM card was reused by a wireless network carrier, such as T-Mobile, the previous owner of the SIM card associated with that phone number would receive iMessage correspondence and FaceTime calls that were intended to be received by the new owner of that phone number.  This flaw occurred because the Apple identification associated with iMessage and FaceTime maintained a legacy connection to the phone number of the recycled SIM card even after the phone number was issued to a new user.  Because of this flaw, all outgoing iMessage correspondence and FaceTime calls were capable of being unknowingly misdirected.

The security flaw became known in 2011 when iPhones were stolen or resold.  The flaw impacted an Apple Store employee in February 2012.  In 2011, the publication *Ars Technica* reported that "thieves and unsuspecting buyers [were] still able to send and receive iMessages as the original owner -- even after the device is registered under a new account."

Ohanian purchased a SIM card from a T-Mobile store in New York City.  Ohanian inserted the SIM card into his iPhone and activated it.  Ohanian used the phone number for one year.  After Ohanian ceased using the SIM card, his number was assigned to Lopez, who purchased a SIM card for use in his iPhone.  Ohanian then received more than one hundred iMessages and FaceTime calls "that clearly were directed not to Ohanian" but instead were directed to the new owner of Ohanian's former phone number, Lopez.  Ohanian suffered emotional and marital stress because he was unable to explain why he was receiving the content

on his iPhone, "which clearly appeared to be coming from a woman (who was not Ohanian's wife)."

## II.     STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Estate of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

## III.    DISCUSSION

### A.     NY GBL Sections 349 and 350

To state a claim under NY GBL sections 349 or 350 "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct, that is (2) materially misleading, and

3

that (3) the plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Plavin v. Grp. Health Inc.*, 146 N.E.3d 1164, 1168 (N.Y. 2020). Conduct is materially misleading when it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Hobish v. AXA Equit. Life Ins. Co.*, 98 N.Y.S.3d 38, 40 (1st Dep't 2019) (internal quotation marks omitted). "Material omissions may give rise to a [NY GBL sections 349 or 350] claim where 'the business alone possesses material information that is relevant to the consumer and fails to provide this information.'" *Garcia De León v. New York Univ.*, No. 21 Civ. 5005, 2022 WL 179812, at *15 (S.D.N.Y. Jan. 20, 2022) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995)).

The Complaint does not plead sufficient claims under section 349 or 350 as to Ohanian because the Complaint does not allege that T-Mobile was aware of what it failed to disclose -- (1) the alleged defect and (2) the alleged solution to the defect. The Complaint alleges that T-Mobile failed to disclose that "its practice of selling SIM cards with recycled phone numbers, without requiring prior users to manually disassociate their Apple IDs from those phone numbers, led to unauthorized disclosures of consumers' data and confidential personal information." The Complaint alleges that T-Mobile knew of the issue or should have been aware of the issue of improper disclosures based on a news article and a forum posting on Apple's website. However, the news article does not mention T-Mobile or the specific mechanics of the flaw leading to forwarded messages or recycled phone numbers.[1] The Apple forum posting

---

[1] The news article and forum posting may be considered on a motion to dismiss because both are expressly referenced in the Complaint, and a hyperlink to the latter is included in the Complaint. *See United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." (internal quotation marks omitted)).

relates to a complainant not being able to receive messages sent via iMessage, but beyond pure speculation, there is no basis to infer that the post relates to the flaw experienced by Ohanian and Lopez, or that T-Mobile was aware of what was happening.  Even if T-Mobile was aware of the flaw, the Complaint does not allege that T-Mobile was aware of the purported solution to the flaw -- that users should dissociate their Apple IDs from phone numbers prior to ceasing use of T-Mobile service.  The Complaint does not plead a claim under either section 349 or 350 based on T-Mobile's failure to provide information that the Complaint does not allege T-Mobile had in its possession.  *See Oswego Laborers' Local 214 Pension Fund*, 647 N.E.2d at 745 (holding that under an objective definition of deceptive acts and practices, liability for omissions lies where a defendant "possesses material information that is relevant to the consumer and fails to provide this information"); *Morales v. Kimberly-Clark Corp.*, No. 18 Civ. 7401, 2020 WL 2766050, at *5 (S.D.N.Y. May 20, 2020).

      The Complaint fails to plead a section 350 claim against T-Mobile for the additional reason that it does not identify any allegedly false T-Mobile advertising.  Section 350 makes unlawful "[f]alse advertising in the conduct of any business."  NY GBL § 350.  In addressing a section 350 claim, to determine "whether a reasonable consumer would have been misled by a particular advertisement, context is crucial."  *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200 (2d Cir. 2019).  Because the Complaint fails to identify any T-Mobile advertisements in any way, the section 350 claim fails as a matter of law.  *See, e.g.*, *Chiarelli v. Nissan N. Am., Inc.*, No. 14 Civ. 4327, 2015 WL 5686507, at *13 n.11 (E.D.N.Y. Sept. 25, 2015) (dismissing § 350 false advertising claim where the complaint did not describe any of defendant's advertisements); *Szymczak v. Nissan N. Am., Inc.*, No. 10 Civ. 7493, 2011 WL 7095432, at *15 (S.D.N.Y. Dec. 16, 2011) (same).

### B.     Fraudulent Misrepresentation

The fraudulent misrepresentation claim is dismissed because it fails to identify any false statement, or the requisite details about any such statement. A claim for fraud requires "[1] material misrepresentation of a fact, [2] knowledge of its falsity, [3] an intent to induce reliance, [4] justifiable reliance by the plaintiff and [5] damages." *Roumi v. Guardian Life Ins. Co. of Am.*, 142 N.Y.S.3d 571, 574 (2d Dept. 2021). Under Federal Rule of Civil Procedure 9(b), to allege fraud, "a party must state with particularity the circumstances constituting fraud or mistake." To comply with this rule "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 167 (2d Cir. 2021) (internal quotation marks omitted). The adequacy of particularized allegations under Rule 9(b) is "case- and context-specific." *United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017) (internal quotation marks omitted); *accord Variblend Dual Dispensing Sys. LLC v. Crystal Intl. (Grp.) Inc.*, No. 18 Civ. 10758, 2021 WL 1198834, at *4 (S.D.N.Y. Mar. 30, 2021).

The Complaint's fraud claim is based on a theory of material omissions regarding T-Mobile's "SIM card practices." But the claim does not satisfy Rule 9(b) because the Complaint does not identify a single statement made by T-Mobile to Ohanian rendered false by the alleged omissions nor does the Complaint include any details regarding when any such statement was made, by whom and where. The Complaint does not even say when Ohanian purchased his SIM card or what was said to him at the time. The Complaint alleges Ohanian purchased the SIM card "during the class period" but defines the class period as "from the applicable limitations period through the present." These vague allegations are insufficient to meet Rule 9(b)'s

pleading requirements. *See, e.g.*, *Womack v. Capital Stack, LLC*, No. 18 Civ. 4192, 2019 WL 4142740, at *10 (S.D.N.Y. Aug. 30, 2019) (allegations related to fraudulent misrepresentation claim failed to meet Rule 9(b)'s pleading requirements where, inter alia, the complaint did not identify where and when misrepresentations were made); *Brumfield v. Merck & Co.*, No. 17 Civ. 6526, 2018 WL 2277835, at *8 (E.D.N.Y. May 18, 2018) (allegations in support of fraudulent misrepresentation claim did not satisfy Rule 9(b) where the allegations "did not identify any specific advertisements . . . or when and where the advertisements were printed or aired").

The Complaint's allegations of fraud fail for the additional reason, as explained above, that the Complaint does not allege knowledge of falsity or intent to reduce reliance because the Complaint does not allege that T-Mobile possessed the allegedly omitted information. Under Rule 9(b), the Complaint must plead "facts 'that give rise to a strong inference of fraudulent intent.'" *Quiroz v. Beaverton Foods, Inc.*, No. 17 Civ. 7348, 2019 WL 1473088, at *2 (E.D.N.Y. Mar. 31, 2019) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006)).

C.     **Unjust Enrichment**

Plaintiff's unjust enrichment claim is dismissed with prejudice. To plead unjust enrichment, "a plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Metro. Bank & Tr. Co. v. Lopez*, 137 N.Y.S.3d 319, 321 (1st Dep't 2020) (internal quotation marks omitted). Unjust enrichment "is not a catchall cause of action to be used when others fail." *E.J. Brooks Co. v. Cambridge Sec. Seals*, 105 N.E.3d 301, 312 (N.Y. 2018). Unjust enrichment is proper only "in unusual situations" where there is no traditional contract or tort claim, and often where the defendant has done no wrong, but "the circumstances create an equitable obligation running from the defendant to the plaintiff."

*Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). If the gravamen of the Complaint sounds in tort or contract giving rise to a traditional claim, then the unjust enrichment claim is improper. *See id.*

Here, Plaintiffs have alleged a traditional tort under statutory and common law -- that T-Mobile knowingly deceived them into purchasing what amounted to defective SIM cards. "To the extent that these claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects." Id. Ohanian's unjust enrichment claim is dismissed because it is entirely duplicative of the other claims in the Complaint. *See, id.* (dismissing unjust enrichment claim where it was duplicative of other claims and noting that, even if plaintiffs' other claims were defective, "an unjust enrichment claim cannot remedy the defects"); *accord Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 394 (S.D.N.Y. Feb. 2, 2021) (applying New York law). All of the claims, including the unjust enrichment claim, are based on the theory that T-Mobile sold SIM cards "while failing to inform consumers of the fact that its practice of selling SIM cards with recycled phone numbers, without requiring prior users to manually disassociate their Apple IDs from those phone numbers, led to unauthorized disclosures of users' data and confidential personal information".

Ohanian argues that the claim is not duplicative because his "damages" are framed as disgorgement only for his unjust enrichment claim -- this argument is unavailing because the basis for each claim, regardless of the damages sought, is identical. *See Corsello*, 967 N.E.2d at 1185.

IV.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Ohanian's claims against T-Mobile are dismissed. Plaintiff may seek leave to amend the Complaint no later than April 1, 2022 by filing a letter motion explaining how the deficiencies identified in this opinion can be cured and appending to the letter a proposed Second Amended Complaint marked to show changes from the current Amended Complaint.

The Clerk of Court is respectfully directed to close the motion at Docket Number 130.

Dated:  March 18, 2022
        New York, NY

                                        _____
                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**